UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| IN RE:<br><br>Amanda Brooke Simmons<br><br>John Christopher Simmons<br><br><br>DEBTOR(S) | CASE NO: 10-07668<br><br>CHAPTER: 7<br><br>ORDER AVOIDING JUDICIAL LIEN (11 U.S.C. § 522(F)(1)(A)) EQUITY ANALYSIS/ CO-OWNED PROPERTY[1] |
|---|---|

Before the Court is the motion of the debtor to avoid the judicial lien held by the following creditor:

| Name of creditor and description of property securing lien | Total Equity (Value of debtor's property less senior/ unavoidable liens)[2] | Debtor's Equity (Total equity multiplied by debtor's proportional interest in property)[3] | Applicable Exemption and Code Section | Non-exempt Equity (Debtor's equity less exemption)[4] | Estimated judicial lien | Judicial lien not avoided | Judicial lien avoided |
|---|---|---|---|---|---|---|---|
| **Hilco Receivables**<br><br>650 Branchview Drive, Boiling Springs, SC 29316 | $0.00 | $0.00 | $106,750.00<br><br>SC Code §15-41-30(A)(1)(a) | $0.00 | $3,571.00 | $0.00 | 100% |

---

[1] This form is for use in chapter 7 and chapter 11 cases when the Court's equity analysis for co-owned property is applicable pursuant to In re Ware, 274 B.R. 206 (Bankr. D.S.C. 2001).

[2] Deduct any senior judicial liens for which the debtor and co-owner(s) are jointly liable here. Senior judicial liens encumbering debtor's interest only should be deducted from debtor's non-exempt equity.

[3] For example, for property owned in equal shares by two individuals, multiply by ½.

[4] Deduct any senior judicial liens encumbering debtor's interest only here. See Ware 274 B.R. at 209 (stating that under the debtor's equity analysis, judicial liens according to their priority remain to the extent of available non-exempt equity and the remainder of judicial liens are avoided).

The Court finds that the judicial lien of the above-named creditor impairs the exemptions to which the debtor would otherwise be entitled under 11 U.S.C. § 522(b) and Chapter 41 of Title 15, Code of Laws of South Carolina, 1976 (as amended), and that the judicial lien should therefore be avoided pursuant to 11 U.S.C. § 522(f)(1)(A) in the amount set forth above.

Therefore, IT IS ORDERED that the judicial lien held by the above-named creditor is avoided in the amount set forth above. Any judicial lien set forth above which is avoided in full may be canceled of record at any time after thirty (30) days after a discharge in this case is granted.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**10/23/2018**



Entered: 10/23/2018

US Bankruptcy Judge
District of South Carolina